Larry L. Barokas
Hans P. Juhl
BAROKAS MARTIN & TOMLINSON
1422 Bellevue Avenue
Seattle, WA 98122
(206) 621-1871
Attorneys for Plaintiffs
The Villages at Ocean Shores, LLC and
Paul S. Pariser

**HON. FRANKLIN D. BURGESS**
Defendant's Motion to Dismiss Complaint
Hearing Date: July 10, 2009

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THE VILLAGES OF OCEAN SHORES, LLC, a Limited Liability Company, organized under the laws of the State of Florida and PAUL S. PARISER an unmarried individual,

Plaintiff,

v.

FIRST INTERSTATE BANK, a Corporation organized under the laws of the State of Montana,

Defendant.

Case No. 3:09-cv-05305 FDB

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

COME NOW Plaintiffs The Villages at Ocean Shores, LLC and Paul S. Pariser in opposition to Defendant's Motion to Dismiss Complaint, brought by Defendant, First Interstate Bank, and respectfully requests that the Court deny FIB's Motion to Dismiss Complaint in all respects

## I. STATEMENT OF FACTS

Plaintiff, The Villages at Ocean Shores, LLC (the "Villages") is a limited liability company organized under the laws of the State of Florida. The sole purpose for the formation of the Villages was the ownership, development, management and marketing of a multi-family residential project in Ocean Shores, Grays Harbor County, Washington.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 1 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

1  The Villages does now and always has maintained its offices and principal place of
2  business in Ocean Shores, Grays Harbor County, Washington. See Affidavit of Paul S.
3  Pariser in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint
4  ("Pariser Aff."), paragraph 2.
5      Plaintiff, Paul S. Pariser ("Mr. Pariser") is an unmarried individual who resides
6  principally in the State of Florida, but also maintains residences in Montana and
7  Washington. Mr. Pariser is the President of the Villages. Pariser Aff., paragraph 3.
8      Defendant, First Interstate Bank ("FIB") is a Montana banking corporation which
9  principally serves Montana and Wyoming, but conducts business in the State of
10 Washington. Pariser Aff., paragraph 4. In July of 2007, FIB the Villages presented FIB
11 with its pro forma describing the development and construction of five hundred and forty
12 (540) residential units and common and commonly used buildings on forty three (43)
13 acres of real property owned by the Villages in Ocean Shores, Grays Harbor, Washington
14 (the "Project"). The total estimated cost necessary to complete the development and
15 construction as communicated to FIB was $14,000,000.00. FIB agreed to lend the
16 Villages, at that time, $9,955,000.00, though it understood that this would not be
17 sufficient to complete the development and construction of the Project. FIB secured its
18 loans to the Villages by Deeds of Trust against the real property recorded in Grays
19 Harbor County, and by a personal guaranty made by me. No other collateral or security
20 was taken or required as a condition of making FIB's loan to the Villages. Pariser Aff.,
21 paragraph 5.
22     The Villages timely made all payments due on the loans made by FIB, and the
23 value of the property remained at a level far in excess of the value of the loans made by
24 FIB to the Villages, and the development and construction proceeded according to
25 schedule and within budget. In spite of the continuing progress of the Project, on April 2,
26 2009, Mr. Pariser received notice from FIB, that the Villages loans were in default, as
27 FIB now considered itself "insecure" with respect to the Villages indebtedness due to Mr.
28 Pariser's "attempt to withdraw [his] personal deposits without advanced warning or
   legitimate explanation." Mr. Pariser was further advised that his "personal deposits"
   would be immediately applied to the Villages' indebtedness, and that all payment of all

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 2 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

indebtedness Mr. Pariser personally secured was due immediately. Mr. Pariser's personal accounts with FIB, totaling $2,623,396.40 were frozen and later removed without authority and applied to the loans without any further notice, and without any contractual or court issued authority. Assets in accounts in the name of the Villages were not restricted. Pariser Aff., paragraph 6.

On the same day that Mr. Pariser was advised that FIB had deemed itself insecure and his emptied his personal accounts, FIB filed suit in Montana's Thirteenth Judicial District against Mr. Pariser, not the Villages, alleging breach of Mr. Pariser's guaranties of the Villages indebtedness and seeking recovery from Mr. Pariser, not from the Villages, of all amounts due and owing to FIB, as well as its attorney's fees. Pariser Aff., paragraph 7.

As a result of FIB's actions, the Villages is unable to affect the timely and successful completion of the Project, and critically impaired Mr. Pariser's ability to continue to secure financing for the Project and the development of other properties. On May 26, 2009, the above-captioned matter was filed in this Court on behalf of the Villages and Mr. Pariser, seeking damages alleged to have been caused to the Villages and Mr. Pariser. Pariser Aff., paragraph 8.

In its Complaint for Damages, Plaintiffs allege that the Court has subject matter jurisdiction, in part, by virtue of 28 USC s 1332(a)(1), which confers federal court jurisdiction over matters between citizens of different states. Plaintiffs' Complaint for Damages asserts that Plaintiff, the Villages is a citizen of the States of Florida and Washington, that Plaintiff, Mr. Pariser is a citizen of the State of Florida, and that FIB is a citizen of the State of Montana. Declaration of Hans P. Juhl in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint ("Juhl Decl."), **Exhibit A**.

Plaintiffs' Complaint alleges that the damages caused by FIB to the Villages is "equal to the present value of the reasonably anticipated profit to be realized on the sale of the [Project]." Juhl Decl., **Exhibit A**. Substantially all of the witnesses competent to testify as to the present value of the Project, its reasonably anticipated profits, or the mitigation of the probability of its success due to FIB's actions are located in the State of Washington. All of the Villages' employees, officers, vendors, and agents are located in

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 3 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

the State of Washington. The Villages has no office or operations in the State of Montana. Though Mr. Pariser owns a home in the State of Montana, he principally resides in the State of Florida and he and the Vice President of the Villages are presently residing in the State of Washington in order to oversee the Project. Pariser Aff., paragraph 9.

## II. STATEMENT OF ISSUES

A. Whether the Court should strike those portions of the Defendant's Motion to Dismiss and Supporting Brief that are not supported by the testimony of any witness.

B. Whether Plaintiffs' jurisdictional allegations are sufficient to confer jurisdiction in the Western District of Washington.

　　1. Whether Plaintiffs have properly alleged diversity of citizenship.

　　2. Whether Plaintiffs' complaint alleges facts supporting the exercise of personal jurisdiction over First Interstate Bank by Washington Courts.

C. Whether the Court should stay these proceedings pending resolution of First Interstate Bank's Montana action against Paul S. Pariser.

D. Whether the Court should transfer venue to the Federal District Court in Billings, Montana.

## III. EVIDENCE RELIED UPON

The Plaintiffs' opposition is based on the Affidavit of Paul S. Pariser in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint, as well as upon the Declaration of Hans P. Juhl in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint each filed concurrently with this, Plaintiffs' Opposition to Defendant's Motion to Dismiss Complaint.

## IV. LEGAL AUHORITY AND ARGUMENT

A. Those portions of the Defendant's Motion to Dismiss Plaintiffs' Complaint for Damages that are unsupported by the testimony of any witness should not be considered by the Court and should be stricken from the record.

Local Rule 7(g) of the Civil Rules of the U.S. District Court for the Western

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 4 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

District of Washington provides that "Requests to strike material contained in or attached to submissions of opposing parties shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief, and will be considered with the underlying motion." LCR 7(g).

FIB has included in its Motion to Dismiss Complaint statements which are wholly unsupported in any affidavit submitted in support of its briefing and that should be stricken from the record. Certain statements made in FIB's "BACKGROUND" paragraphs are false or improperly characterize statements made by Mr. Pariser and actions taken by Mr. Pariser. See Pariser Aff., paragraph 10. Specifically, FIB's statement on page 3 of its Motion and Supporting Brief, that "Ultimately when Pariser persisted, FIB made three loans to Ocean Shores based on the financial wherewithal of Pariser" does not reflect the fact that FIB's principal security for the repayment of its loans was its lien against the real property underlying the project. Secondly, FIB's statement that "Pariser advised FIB the development was not going well and that FIB could stand the loss on the project better than he could. Pariser then engaged in activities, including removing substantial funds from an account at FIB in Billings that allowed FIB to make the loans in the first place, causing FIB to reasonably believe that the prospect of repayment of the Note was significantly impaired" is entirely false and representative of FIB's continued practice of making self-serving misrepresentations of statements made by Mr. Pariser, as well as its own actions, that has persisted in order to justify its unlawful removal of $2,623,396.40 that was never contemplated as security for any indebtedness of mine or the Villages, from my personal accounts.

These unsupported statements have no foundation in the record and are not properly before the Court. The statements should not be considered in determining the merits of FIB's Motion to Dismiss Complaint and should be stricken from the record.

**B.    The Plaintiffs' Complaint for Damages pleads allegations sufficient to establish both diversity of citizenship and personal jurisdiction over the Defendant.**

Title 28 U.S.C. s 1332 sets forth the instances in which federal district courts shall exercise subject matter jurisdiction over a dispute. According to 28 U.S.C. s 1332(a)(1), "district courts shall have original jurisdiction of a district courts shall have original

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 5 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." Corporations' citizenships are defined in 28 U.S.C. 1332(c). A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..." 28 U.S.C. 1332(c).

In order to argue that the Plaintiff's complaint insufficiently pleads diversity of citizenship, FIB intentionally fails to acknowledge the entirety of the jurisdictional allegations set forth in Plaintiffs' Complaint for Damages, and argues that "Plaintiffs' failure to allege that either party is a citizen of the State of Washington renders their jurisdictional allegations insufficient to confer jurisdiction over this matter on the Court." First Interstate Bank's Motion to Dismiss and Supporting Brief, page 6, lines 2-4. In fact, paragraph 1.1 of the Plaintiffs' Complaint for Damages alleges, that "Plaintiff, THE VILLAGES OF OCEAN SHORES, LLC (the 'Villages') is a limited liability company authorized to conduct business in the State of Washington **with its principal place of business in the State of Washington**." Juhl Decl., **Exhibit A** (emphasis added). Paragraph 1.3 alleges that FIB is "a corporation organized under the laws of the State of Montana with its principal place of business in the State of Montana." Paragraph 2.1 then sets forth that "the amount in controversy exceeds $75,000.00 and the action is between citizens of different states." Each of these allegations mirrors the requirements set forth in 28 U.S.C. s 1332 as cited herein, and sufficiently establish a prima facie showing that the Villages is a citizen of the State of Washington, that FIB is a citizen of the State of Montana, and that the dispute is between citizens of different states.

The only way that FIB could argue that the Plaintiffs' allegations are fatal to the Court's exercise of jurisdiction over this matter on the basis of diversity of citizenship would be to argue that there is some ambiguity in the pleadings that could lead to the conclusion that Mr. Pariser is a citizen of the State of Montana. FIB makes no such claim as there is no such ambiguity in the Plaintiffs' allegations. See Juhl Decl., **Exhibit A**. Plaintiffs' allege Mr. Pariser to be a resident of the State of Florida. Mr. Pariser states in his affidavit that, in addition to considering himself a permanent resident in the State of Florida, he maintains a Florida driver's license, Florida voter's registration, and maintains

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 6 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

a Florida address as his permanent address. Pariser Aff., paragraph 3. Though Mr. Pariser has spent much of the time material hereto residing in the State of Washington, there is no evidence or argument before the Court that Mr. Pariser is a citizen of the State of Montana such that diversity between he, one of the Plaintiffs, and FIB, the defendant would be lacking.

Further, most of the authority cited by FIB leads to the conclusion that the mere use of the word, "residence" in Plaintiffs' allegations, rather than the phrase "permanently domiciled" is insufficient to allege that Mr. Pariser is both a resident, as well as a citizen of the State of Florida. In fact, the authority cited by FIB which it claims requires dismissal on this basis concludes, with regard to the plaintiff therein, that "it may well be that, in truth and in fact, plaintiff was at the commencement of this action, and still is, a citizen of California. If so, he may desire to move this court for leave to amend in this court the jurisdictional allegations of the complaint, pursuant to 28 U.S.C.A. s 1653. Therefore, if he so desires, plaintiff may file such a motion with the clerk of this court within 20 days of the filing of this opinion." *Mantin v. Broadcase Music*, 244 F.2d 204, 206-07 (9th Cir. 1957). The 5th Circuit reached a similar conclusion in the *Nadler* case, also cited by FIB, finding that the record evidenced a substantial likelihood of diversity of citizenship. *Nadler v. American Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985).

If, in fact, the Court finds that the Plaintiffs' allegations are insufficient to conclusively establish diversity of citizenship between Mr. Pariser and FIB, the *Mantin* and *Nadler* cases, cited by FIB, do not support dismissal of the Plaintiffs' Complaint, but rather suggest that Plaintiffs should have the opportunity to move the Court for leave to make a simple amendment to Plaintiffs' Complaint for Damages, paragraph 1.2 to allege that "Plaintiff Paul S. Pariser is an unmarried individual permanently domiciled in the State of Florida." In any event, there's no authority which states that dismissal is required on this basis, under these circumstances, and FIB's motion should be denied.

**2. The Plaintiffs' Complaint for Damages conclusively establishes a basis for the Court to confer personal jurisdiction over the Defendant.**

"A pleading that states a claim for relief must contain: (1) a short and plain

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 7 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

statement of the grounds for the Court's jurisdiction…" Fed.R.Civ.P. 8(a). Plaintiffs herein allege in their Complaint for Damages that the Court has subject matter jurisdiction for the reasons described above.

Plaintiffs establish personal jurisdiction simultaneous to their establishment of venue in paragraph 2.2, wherein Plaintiffs allege that "a substantial amount of the events or omissions and the real property giving rise to the Villages' and Pariser's claims occurred in this district." See Juhl Decl., **Exhibit A**. Such statement is clearly sufficient to put FIB on notice that the Plaintiffs intended to assert that the Court should exercise specific jurisdiction over FIB.

Paragraph 2.2 asserts that "In the alternative, venue is permissible in this district pursuant to 1391(c) as First Interstate is a corporation that transacts business and can be "found" in the State of Washington." See Juhl Decl., **Exhibit A**. This allegation is clearly sufficient to put FIB on notice that Plaintiffs intended to assert that, in the event that the Court declined specific jurisdiction over FIB, it could, nonetheless, exercise general jurisdiction over FIB in order to hear this matter.

In this case, based on facts known to the Plaintiffs without the benefit of discovery, it appears most appropriate that the Court exercise specific personal jurisdiction over FIB for the reasons set forth below. Though paragraph 2.2 may indeed set forth what could be considered a "conclusory" allegation of jurisdiction, the specific contacts with the State of Washington which support the allegation, and make the Plaintiffs' prima facie showing in support of specific jurisdiction, are set forth in the paragraphs that follow, specifically, paragraphs 3.3, 3.4 and 3.5. Where, as here, the Court is asked to make a jurisdictional ruling based on affidavits without holding an evidentiary hearing, dismissal is only appropriate if a plaintiff has failed to make a prima facie showing of personal jurisdiction. *Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*, 1 F.3d 848, 850 (9th Cir.1993), citing *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir.1986); *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977).

To establish jurisdiction, Plaintiffs herein need only make a prima facie showing that Washington's jurisdictional statute confers jurisdiction over FIB and that exercise of

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 8 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

jurisdiction accords with federal constitutional principles of due process. See *Amoco*, 1 F.3d at 850. RCW 4.28.185 provides for jurisdiction over a non-resident defendant, "who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts: (a) The transaction of any business within this state;  (b) The commission of a tortious act within this state;  (c) The ownership, use, or possession of any property whether real or personal situated in this state..." RCW 4.28.185.

A cause of action is said to "arise" from an act if it were not to have occurred "but for" the non-resident defendant's contacts with the forum state. *Shute v. Carnival Cruise Lines*, 897 F.2d 377 (9th Cir. 1990), judgment reversed on other grounds, 499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991). In this matter Plaintiffs allege in paragraphs 3.3, 3.4, and 3.5 of Plaintiffs' Complaint for damages, both that FIB transacted business within the State of Washington by lending and transferring money to be used by a company located in the State of Washington for the payment in the State of Washington of costs and expenses associated with the development of real property in the State of Washington; and, also used real property within the State of Washington to collateralize its loans. Juhl Decl., **Exhibit A**. But for its agreement to perform these obligations in the State of Washington, and but for the requirement that these obligations be conditioned on the recording of deeds of trust within the State of Washington, none of the facts underlying Plaintiffs' causes of action would have occurred.  Though, the moment of breach of FIB's agreements with the Plaintiffs is alleged to have occurred within the State of Montana, the agreements would never have been made, were it not for the parties' agreement that FIB would lend money to build the Project in the State of Washington on the condition that real property within the State of Washington secure such loans.  In other words, but for the breach of FIB's agreement to transfer money to Washington for purpose of transacting business by funding the project, in exchange for receiving a profit in the form of interest;  and, but for the use of the real property in Washington for the purpose of making that profit, there would be no cause of action. In addition without securitizing that opportunity by availing itself of Washington laws to protect its business

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 9 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

opportunity by recording a deed of trust and various assignments of revenue there would be no agreement which could have been breached. The breach was made possible only by FIB's contacts with the State of Washington in the form of delivery of money and the use of Washington law—performance by FIB in the State of Washington. See *Shute*, 897 F.2d at 383, 384 (Court finds that personal injury damages arose out of defendant's transaction of business within Washington, though injury occurred outside of Washington, noting agreement with the Fifth and Sixth Circuits and rejecting more stringent standards of causation adopted in other Circuits.)

The fact of the contract's formation in the State of Montana is insufficient to defeat the Court's exercise of jurisdiction over FIB in this matter. The U.S. Supreme Court has held that "the physical absence of the defendant and the transaction from the forum cannot defeat the exercise of personal jurisdiction." *Shute*, 897 F.2d at 382, citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985); *Lanier v. American Bd. of Endodontics*, 843 F.2d 901, 907 (6th Cir.), cert. denied 488 U.S. 926, 109 S.Ct. 310, 102 L.Ed.2d 329 (1988) ("Neither the presence of the defendant in the state, nor actual contract formation need take place in the forum state for defendant to do business in that state.").

Having made a prima facie showing that their causes of action arose out of the Defendant's activities within the forum, under Washington's jurisdictional statute, the Plaintiffs must also show that the Court's exercise of specific jurisdiction comports with due process, by meeting the three part *Data Disc* test: "(1) The defendant must have done some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Shute*, 897 F.2d at 380, citing *Haisten v. Grass Valley Med. Reimbursement Fund*, 784 F.2d 1392, 1397 (9th Cir.1986); *Data Disc*, 557 F.2d at 1287.

As the second prong of the test is established as described above, the central inquiries are whether or not it is alleged that FIB has done some act by which it has purposefully availed itself of the laws of the State of Washington, and whether or not the exercise of jurisdiction over FIB would be unreasonable.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 10 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

As to the first inquiry, it is alleged in Plaintiffs' Complaint for Damages, that FIB purposely lent money to be used in the State of Washington and further, that as a condition of making the loans to the Villages, FIB purposely recorded deeds of trust against the real property underlying the Project. Inasmuch as it would be impossible for FIB to foreclose on these deeds of trust without availing itself of the protections of Washington law, FIB has certainly sought the benefits of Washington law sufficiently to invoke the jurisdiction of this forum. As to the test's third inquiry, as is quite obviously alleged in the Complaint, Defendant made a loan for the development of property, and secured itself in such property in the State of Washington, thus availing itself of the jurisdiction of the Western District of Washington.

After the first two prongs of the *Data Disc* test have been met, the Court must determine whether the exercise of jurisdiction over FIB would be reasonable. In determining reasonableness, the Court must examine seven (7) factors: "the extent of purposeful interjection, the burden on the defendant to defend the suit in the chosen forum, the extent of conflict with the sovereignty of the defendant's state, the forum state's interest in the dispute; the most efficient forum for judicial resolution of the dispute; the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and the existence of an alternative forum. The court must balance the seven factors to determine whether the exercise of jurisdiction would be reasonable." *Shute*, 897 F.2d at 386 citing *Federal Deposit Ins. Corp. v. British-American Ins. Co., Ltd.*, 828 F.2d 1439, 1442 (9th Cir.1987).

"Once purposeful availment has been established, the forum's exercise of jurisdiction is presumptively reasonable. To rebut that presumption, a defendant 'must present a compelling case' that the exercise of jurisdiction would, in fact, be unreasonable." *Id.* citing *Burger King*, 471 U.S. at 476; *Corporate Inv. Business Brokers v. Melcher*, 824 F.2d 786, 790 (9th Cir.1987).

An analysis of the seven (7) factors leads to the conclusion that jurisdiction over FIB is reasonable in this case.

*Extent of Purposeful Interjection*

Once purposeful availment is established, as it has been herein, this factor is not

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 11 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

to be given any weight in the analysis. See *Melcher*, 824 F.2d at 790.

*Burden on FIB.*

In light of modern advances in communications and transportation, the burden on FIB to defend this case in Washington is minimal. Certainly, there is no greater burden on FIB in its defense of this suit in Washington than there would be on the Plaintiffs in prosecuting this suit in Montana. See *Shute*, 897 F.2d at 386.

*Conflict with Sovereignty of the State of Montana.*

Nothing relevant to this matter will unreasonably conflict with the sovereignty of the State of Montana such that it would be unreasonable to exercise jurisdiction herein over FIB. In fact, Plaintiffs propose to proceed, at least substantively, under Montana law. Moreover, this factor is not considered dispositive, as it is assumed that were it given controlling weight, no suit against a non-resident defendant could ever be heard. *Haisten*, 784 F.2d at 1401-1402.

*Forum State's Interest in Adjudicating Dispute.*

States are presumed to have an interest in protecting their citizens from the tortious acts of others. *Shute*, 897 F.2d at 386. In this case, the forum state has an even greater interest as the Plaintiffs' suit alleges that FIB has created a substantial risk to an ongoing enterprise related to the development of real property within the forum, mitigating the value of real property within the forum.

*Efficient Judicial Resolution*

Although the contract was formed and the breach occurred in Montana, all of the Plaintiffs' operations occur in Washington. While it may be more convenient for FIB to have this matter heard in Montana, it is not the more efficient forum. All of Plaintiffs' witnesses reside in Washington or Florida. All third party witnesses who are competent to testify regarding the Project reside in Washington. While it is true that FIB's personnel all reside in Montana, it is unclear what testimony that they will likely be needed to provide. The issues relevant to liability in this matter are extremely narrow. The sole question for a Court to decide will be whether FIB breached its agreement with the Villages or whether it had a right to repudiate the agreement based on facts known to it which led it to reasonably deem itself insecure. The only relevant testimony that could

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 12 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

be provided by any FIB personnel will be with regard to what facts were known to FIB to justify its repudiation of its agreements with the Plaintiff. This will certainly not require the cumulative live testimony of nine (9) separate employees of FIB (one of whom would apparently have to travel from Wyoming in any event). In all likelihood, liability will be determined on summary judgment based upon facts established by deposition testimony, to obtain which, the burden of travel would be on the Plaintiffs.

On the other hand, damages in this matter are going to be established based on the likely value of the Project were it not for FIB's breach. The Project's value is going to necessarily be established by its likelihood of successful completion absent FIB's breach, and its reasonably anticipated profit following successful completion. This will be done only through Project personnel and contractors, substantially all of whom are located in Washington, and appraisers with experience and familiarity with the Washington real estate market. These individuals are not likely located in Montana.

On balance, while Plaintiffs concede that it may be less convenient for the nine (9) FIB employees purported to have knowledge relevant to this case, to have this matter heard in Washington, Washington remains the most efficient forum. The Plaintiffs are located in this forum, the Project is located in this forum, the witnesses competent to testify regarding the Project are located in this forum, and competent experts are almost certainly located in this forum. Efficiency of forum clearly weighs in favor of exercising jurisdiction.

*Convenience and Effectiveness of Relief for Plaintiff*

As is alleged by Plaintiffs, $2,623,396.40 in Mr. Pariser's personal funds has been taken by FIB and applied to the Villages indebtedness. Without discussing the merits of FIB's questionable self-help garnishment measures, this has clearly left the Plaintiffs in a difficult financial position, and crippled Plaintiffs' ability to effectively litigate a suit in a foreign district which will require Plaintiffs to bring all witnesses in support of its case to a court two states away. Plaintiffs acknowledge that FIB's state court proceedings are likely to require it to expend resources litigating in Montana, to the extent that FIB is asking that this matter be transferred to Montana, Plaintiffs will then be in the position of having to bring its evidence and testimony to Montana twice. Had FIB not emptied Mr.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 13 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

Pariser's personal bank accounts, it may be in the position to argue that Montana is an equally effective forum for Mr. Pariser and the Villages, but having done so, it should not further put the physical and financial burden of its actions on the Plaintiffs, and ultimately this factor weighs against dismissal of the Complaint.

*Existence of an Alternative Forum*

To the extent that FIB does not pursue foreclosure of its deeds of trust in a counterclaim against Plaintiffs, or otherwise, Plaintiffs concede that purely as a legal matter, Montana is an available alternative forum. However, in light of the practical difficulties noted in the discussions of efficient forum and convenience to plaintiffs, this factor cannot be said to weigh in favor of dismissal.

On balance each of these factors weighs in favor of a finding that an exercise of jurisdiction by this Court would be reasonable. FIB cannot possibly so purposefully avail itself of the benefits and protections of Washington law, then remain in Montana and complain that it is unreasonable to expect that it be sued in Washington.

**B.  No basis exists for the stay of the present case pending resolution of First Interstate Bank's collection action in the State of Montana.**

Defendant's argument in favor of a stay of these proceedings pending the resolution of its state court collection action is based on the false presupposition that "Plaintiffs' federal court lawsuit is the mirror image of the lawsuit FIB already filed in state court in Montana." Initially, it is vital to point out that the cases are certainly not mirror images. On one hand, in Montana's state court, Mr. Pariser has been named a defendant in a suit to enforce guaranties made by him to secure indebtedness of his co-Plaintiff herein. Mr. Pariser did not choose Montana's Thirteenth Judicial District in which to be sued, did not elect such forum, nor to be a defendant in such matter at all. FIB chose to name Mr. Pariser, not the Villages, and is essentially seeking after the fact justification of its decision to empty Mr. Pariser's personal accounts, and has chosen without explanation not to name the actual debtor in its action, nor freeze the debtor's funds. As such, it is doubtful that the application of the *Colorado River* case cited by FIB as a basis by which this Court could decline to hear this case under the abstention doctrine can be said to be applicable. Though each is based on FIB's unlawful actions,

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 14 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

the cases are simply not substantially similar, due in large part to tactical choices made by FIB.

Even if the cases were substantially similar enough to apply the *Colorado River* abstention doctrine, the factors the Court set forth for evaluation in that matter, do not weigh in favor of the Court's abstention. First, it should be noted that, the general rule is that federal courts will exercise the jurisdiction conferred upon them, and that abstention is an exception to that rule, to be employed only in "exceptional circumstances." *O'Neill v. United States*, 50 F.3d 677, 688 (9th Cir.1995), cert. denied, 516 U.S. 1028, 116 S.Ct. 672, 133 L.Ed.2d 521 (1995). A concurrent state court matter is not a bar to a parallel federal claim. FIB fails to demonstrate how these exceptional circumstances exist in this matter as would justify this extraordinary request for relief.

In any event, the six (6) relevant factors before the Court in considering the appropriateness of *Colorado River* abstention in this case do not weigh in favor of abstention in any event. As described above, it is conceded that FIB may find the forum of the Western District of Washington inconvenient, but for the reasons already set forth, it is the most efficient and appropriate forum for resolving matters associated with real property located within its jurisdiction.

As to the third and fourth factors, because the Villages has not been named in any state court action by FIB, these are not determinative of whether abstention is appropriate in this matter. The Villages cannot be accused of causing piecemeal litigation of matters, one of which it has not become involved. Further, though the Montana action was filed first, and according to FIB, jurisdiction has been conferred by that Court over Mr. Pariser, this Court will be the first to confer jurisdiction over the Villages, largely because FIB has made a decision not to the name the Villages in its Montana suit.

In order to attempt to satisfy the fifth and sixth factors, FIB suggests that Montana is sufficient to protect Plaintiffs' interest in a case in which it has not been named a Defendant. FIB is essentially confusing abstention for a method by which it can obtain a more convenient forum. This is not the purpose of abstention under the *Colorado River* doctrine, nor the abstention doctrines which were formed in other cases and informed the *Colorado River* court. FIB's position is that because it first sued Mr. Pariser in its

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 15 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

hometown, because of acts it undertook, any relief from the damages caused by those acts is available to, not only Mr. Pariser, but also apparently to the Villages, in the place where it filed the first action. A decision in line with FIB's arguments would not only enlarge the abstention doctrine to allow any party who first filed in state court to bar its defendant from an attempt to have the matter heard in federal court, but entirely frustrate the purpose of diversity of citizenship jurisdiction, which was developed in order to avoid any perception of bias against out of state parties in the state courts. The Villages, FIB would argue, if it wants to sue FIB for breach of FIB's obligations, will have to take its chances on a motion to intervene in the concurrent state court proceeding in Montana, and then assert its claims there for damage to a Project underway in Washington. This is absolutely not the purpose of abstention. FIB's request for the extraordinary alternative relief afforded by the abstention doctrine should be denied.

### C. The Court should not transfer the case to the federal district of Montana as it is not the more convenient forum.

In a curious about-face from its abstention argument, FIB argues that transfer to a different federal district would provide it with appropriate relief, though it would then be involved in litigation in a federal court it argues is barred by the abstention doctrine, only in a forum in its own hometown. FIB would ask the Court, again, to accommodate its nine (9) employee witnesses, who will likely never travel to provide live testimony in western Washington, in order to pull the Villages and Mr. Pariser into its home state. In doing so, FIB asks the Court to ignore the inconvenience to an untold number of third party witnesses, the Villages and Mr. Pariser. The interests of the third party witnesses, and those of the Plaintiffs should not be disregarded to accommodate a bank that has already availed itself of Washington's laws, and profited from doing so.

As described above, it is true that the action likely could have been brought in Montana, but the mere availability of a forum does not support that forum's appropriateness. Plaintiffs have previously set forth the reasons why the Western District of Washington is the more appropriate forum for deciding matters related to a Washington development Project. FIB again ignores every other litigant and witness beside itself, even further failing to acknowledge that the Villages has alleged itself to be

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 16 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

a Washington citizen. The location of documents relevant to this matter, cannot be determinative of a transfer of venue in a time when even the Court requires that its filings be made electronically.

FIB's request for transfer of this matter to Montana acknowledges that the interest of justice is the most important factor of all. While FIB capably demonstrates how transfer of venue will further its own interests, it fails to demonstrate how the interests of justice will be served. FIB's request for transfer to the Montana's federal court should be denied.

## V.   CONCLUSION

Defendant FIB was more than happy to find itself in Washington when it was negotiating to be the lender on a Project from which it hoped to, and has, reaped a healthy reward from its participation. FIB was more than happy to record instruments in Grays Harbor County to protect its interests, transfer money to be spent on construction and development to Grays Harbor County, and collect interest payments from Washington. Now that the relationship between the parties has soured, FIB wants only to remain in Montana and have its actions judged there. To that end, FIB argues for dismissal, and if not dismissal, then stay, and if not stay, then transfer. Anything, it would seem, to be at home in Billings when judgment is rendered.

No compelling reason has been articulated which would support the Defendant's requests for relief. No legitimate question exists as to whether or not this Court can exercise jurisdiction over the subject matter herein, or FIB personally. No extraordinary circumstances exist which would justify the Court's abstention from this matter, requiring the Villages to intervene in a matter in which it is not a party. Aside from FIB, no entity or individual associated with this matter as a party or witness is going to find Montana to be the most convenient forum for this suit. FIB's motion should, in all respects, be denied.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 17 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

DATED this 6th day of July, 2009.

BAROKAS MARTIN & TOMLINSON

By: _____
Larry L. Barokas, WSBA #
Hans P. Juhl, WSBA# 33116
Attorney for Plaintiffs
The Villages at Ocean Shores, LLC and
Paul S. Pariser

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 18 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2009, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notification of such filing to the person listed below:

David Charles – dcharles@crowleyfleck.com
Brian King – bking@dpearson.com and
Jeffery Oven – joven@crowleyfleck.com on behalf of First Interstate Bank by electronic filing.

_____
Hans P. Juhl

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COMPLAINT - Page 19 of 19
Case No. 3:09-cv-05305 FDB

BAROKAS MARTIN & TOMLINSON
ATTORNEYS AT LAW
1422 BELLEVUE AVENUE
SEATTLE, WASHINGTON 98122
TELEPHONE (206) 621-1871
FAX (206) 621-9907